**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**WARREN D. FRIDAY**                                                                       **PETITIONER**

**v.**                                                                                         **No. 1:10CV229-B-S**

**DALE CASKEY, ET AL.**                                                        **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Warren D. Friday for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has filed a motion to dismiss the instant petition as untimely filed (as to Ground Four) – and for failure to exhaust state remedies (as to Grounds One, Two, and Three. Friday has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed.

**Facts and Procedural Posture**

Petitioner Warren Douglas Friday pled guilty to two counts of taking of a motor vehicle in the Circuit Court of Lowndes County, Mississippi. According to the Lowndes County Circuit Court records, Friday was sentenced to five years on each count – three years to serve on Count I with two years post-release supervision and a consecutive sentence of two years to serve on Count II with three years post-release supervision. Documents attached to Friday's petition reflect that he was released from the custody of the Mississippi Department of Corrections (MDOC) in September 2005 on earned release supervision. ECF Doc. 1, p. 67. However, by Order filed November 20, 2009, Friday's post-release supervision was revoked and he was ordered to serve five years in the custody of MDOC. The order further provided that the

sentence on Friday's revocation would run "consecutive with any other sentence imposed upon the Defendant." *Id*.  The records of the Lowndes County Circuit Court confirm that by Order filed September 3, 2009, Friday pled guilty and was sentenced on a count of aggravated assault. As a result of his plea, a count of burglary was passed to the files.  It appears that these charges served as the basis for the revocation of Friday's post-release supervision discussed above.

## Grounds for Relief

**Ground One** - Petitioner's supervised release was improperly revoked pursuant to Miss. Code Ann. § 47-7-27(c).

**Ground Two** - Counsel was ineffective during the course of petitioner's revocation process.

**Ground Three** - Petitioner should have been given a competency hearing.

**Ground Four** - Petitioner should be afforded relief sought for loss of earned trustee status.

## Ground Four – Barred by the One-Year Limitations Period

Decision in this case is governed in part by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

>presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2). Ground Four of Friday's federal petition for a writ of *habeas corpus*, which challenges only the computation of his time, should have been filed within one year of Friday's discovery that his time was allegedly calculated incorrectly. 28 U.S.C. § 2244(d)(1)(d). Friday is charged with knowledge of the alleged miscalculation of his sentence (how long he served and whether he received credit toward his sentence), at the time he was released from the custody of MDOC. At the very latest, Friday became aware of this issue when he received a copy of his inmate time sheet, attached to his petition, which reflects a print date of July 9, 2009. ECF Doc. 1, p. 67. As such, the factual predicate of this claim fell on July 9, 2009, meaning that the limitations period for the present *habeas corpus* petition expired on July 9, 2010. The instant petition was not, however, signed until September 9, 2010; as such, the claim in Ground Four was filed beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(d). Friday has not alleged any "rare and exceptional" circumstance to warrant equitable tolling of the limitations period for Ground Four. *Ott v. Johnson,* 192 F.3d at 513-14. Ground Four of the instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d).

**Failure to Exhaust Grounds One, Two, and Three**

None of the grounds for relief in the instant petition have been presented to the Mississippi Supreme Court. The exhaustion requirement may be found in 28 U.S.C. § 2254, which provides in part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Section 2254(c) also provides:

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Friday admits – and the records of the Mississippi Supreme Court and the Lowndes County Circuit Court confirm – that he has not filed a petition for post-conviction relief in state court challenging the revocation of his post-release supervision, his plea and sentence to aggravated assault, or his claim that he should be awarded credit for additional earned time. As such, Friday's claims in Grounds One, Two, and Three of the instant federal petition for a writ of *habeas corpus* challenging the revocation of his parole should be dismissed for failure to exhaust state remedies.

In sum, Grounds One, Two, and Three of the instant petition will be dismissed without prejudice for failure to exhaust state remedies, and Ground Four will be dismissed with prejudice as untimely filed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 27th day of June, 2011.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE